UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
DIANA BERMEJO,

                        Plaintiff,

                -v-

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------- X

<u>MEMORANDUM DECISION
AND ORDER</u>

18 Civ. 06926 (GBD) (VF)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Diana Bermejo moves for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) (ECF No. 27.) In a Joint Stipulation, both parties moved to remand this matter to the Commissioner of Social Security, who found that Plaintiff was disabled and subsequently awarded past-due benefits (ECF Nos. 22 and 27.) The Commissioner withheld 25% of past-due benefits, amounting to $23,936.75, as payment for Plaintiff's attorney's fees. (ECF No. 27.) Plaintiff now seeks to obtain this amount. The Commissioner does not object to the fee request. (ECF No. 30 at 3.)

    Before this Court is Magistrate Judge Valerie Figueredo's August 22, 2022 Report and Recommendation (the "Report"), recommending that Plaintiff's application for attorney's fees be granted.[1] (*See generally*, ECF No. 31.) No party filed objections to the Report. Having reviewed the Report for clear error, this Court ADOPTS the Report in full. Plaintiff's application for attorney's fees is GRANTED.

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

1

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Magistrate Judge Figueredo did not err in finding that the Plaintiff is entitled to attorney's fees. As the Report notes, when a court renders a favorable judgment under 42 U.S.C. § 406(b) to a claimant who was represented by counsel, "the court may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). However, that fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"[2] *Id.*

Having considered the factors relevant to granting the approval of attorney's fees under 42 U.S.C. § 406(b), this Court adopts the Report's recommendation. As the Report correctly found, the hours expended by Bermejo's counsel are reasonable given the nature of the services provided and the successful outcome obtained upon remand. (Report at 4-5.) Magistrate Judge Figueredo's findings were well-reasoned and grounded in fact and law. This Court has reviewed the Report,

---

[2] Bermejo's counsel's requested fee of $23,936.75 does not exceed more than 25% of past-due benefits and is in line with similar rates approved by courts in this District. (Report at 4, collecting cases.)

and finds no error, clear or otherwise. This Court therefore ADOPTS the Report's recommendation in full.

Plaintiff's application for attorney's fees in the amount of $23,936.75 is GRANTED. The Clerk of Court is directed to close ECF No. 27 accordingly.

Dated: New York, New York
      October 17, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge
